IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY<br>17780 Fitch, Suite 200<br>Irvine, California 92614, | CIVIL DIVISION<br><br>C.A. |
| Plaintiff, | |
| v. | |
| **Clear Span Construction Products, LLC.**<br>400 Unity Street, Suite 120<br>Latrobe, PA 15650;<br>**Matthew G. Williams**<br>820 Corbett Drive<br>Pittsburgh, PA 15234;<br>**Colleen M. Williams**<br>820 Corbett Drive<br>Pittsburgh, PA 15234;<br>**Nate Kurek**<br>220 Cupid Lane<br>Latrobe, PA 15650; and,<br>**Christine A. Kurek,**<br>220 Cupid Lane<br>Latrobe, PA 15650 | |
| Defendants. | |

## **COMPLAINT IN CIVIL ACTION**

AND NOW, comes the Plaintiff, Developers Surety and Indemnity Company ("Developers"), by and through its undersigned attorneys, Dickie, McCamey & Chilcote, P.C. and W. Alan Torrance, Jr., Esquire, and files the within COMPLAINT and in support thereof avers as follows:

## PARTIES

1. Plaintiff, **Developers Surety and Indemnity Company** ("Developers"), is a corporation organized and existing under the laws of the state of Iowa with its principal place of business at 17771 Cowan, Suite 100, Irvine, Orange County, California 92614 and is authorized to conduct surety business in the Commonwealth of Pennsylvania.

2. Defendant, **Clear Span Construction Products, LLC.** ("Clear Span") is a Pennsylvania corporation and has a registered address of 400 Unity Street, Suite 120, Latrobe, Westmoreland County, PA 15650. Upon information and belief, Clear Span maintains its principal place of business at 3085 Pinehurst Avenue, Pittsburgh, Allegheny County, PA 15216.

3. Defendant, **Matthew G. Williams** is an adult individual who resides at 820 Corbett Drive, Pittsburgh, Allegheny County, PA 15234.

4. Defendant, **Colleen M. Williams** is an adult individual who resides at 820 Corbett Drive, Pittsburgh, Allegheny County, PA 15234.

5. Defendant, **Nate Kurek** is an adult individual who resides at 220 Cupid Lane, Latrobe, Westmoreland County, PA 15650.

6. Defendant, **Christine M. Kurek** is an adult individual who resides at 220 Cupid Lane, Latrobe, Westmoreland County, PA 15650.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because this action is a dispute between citizens of different states and the amount in controversy exceeds $75,000.00.

8. Developers has sufficient contacts with Pennsylvania and regularly and continually conducts business in the Commonwealth of Pennsylvania. As such, this Court has personal jurisdiction over Developers.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to this lawsuit occurred in this district.

## FACTUAL BACKGROUND

10. Plaintiff, Developers, is engaged in the business of issuing surety bonds at the request of and on behalf of construction contractors, among others.

11. Upon information and belief, Clear Span is and has been a supplier of construction products, including galvanized metal deck forms and poli-span deck forms within the Commonwealth of Pennsylvania and elsewhere including privately funded and publicly funded projects.

12. In certain circumstances, Clear Span was required to provide certain types of surety bonds for the benefit of the Obligee named therein. In general, the purpose of the bonds is to ensure faithful supply of materials at the time and manner specified by the Obligee.

13. On or about July 10, 2012, the Clear Span as Principal and all Defendants as Indemnitors, voluntarily executed an Indemnity Agreement ("Indemnity Agreement") for the benefit of Developers.

14. In conjunction with both the Indemnity Agreement, the Defendants applied for surety credit from Developers by requesting that it issue certain surety bonds on behalf of the identified Principal.

15. Consistent with other forms of credit, the Defendants understood and agreed that they had continuing obligations to Developers in conjunction with any surety bond to be provided by Developers naming Clear Span as Principal.

16. The Indemnity Agreements binds the Defendants jointly and severally, to certain obligations including reimbursing Developers for all premiums and losses it sustains as a result of bonds issued on behalf of the Principal identified therein.

17. The Indemnity Agreement states in pertinent part:

> Each Indemnitor further affirms that he, she or it understands that Bonds are a credit relationship. Indemnitors jointly and severally agree, for themselves, their personal representatives, successors and assigns: 1. To fully reimburse Surety and indemnity it against all liability, loss, claims, demands, attorney's fees, costs and expenses of every kind and nature (including for investigation) which Surety incurs or for which it may become liable as a consequence of issuing the Bonds (collectively "Loss"), regardless of whether Surety has actually received a claim or paid any amount (Exhibit 1.)

18. At the request of the Defendants, Developers issued the bond set forth below (the "Bond"):

| | |
|---|---|
| **Project:** | Supply Galvanized Deck Forms and Poli-Span Forms for Project SR 55; PO # 004-002. |
| Principal: | Clear Span Construction Products, LLC |
| Obligee: | Shelby Erectors, Inc. |
| Bond Am.: | $200,000.00 |
| Bond No.: | 779087P |
| (Exhibit 2) | |

19. On or about January 14, 2014, Shelby Erectors, Inc., as Obligee on the Bond, submitted a claim against Developers in the amount of $277,037.48 due to Clear Span's failure to perform.

20. Developers promptly initiated its investigation into the claim.

4

21.     Subsequent to the completion of its investigation, Developers agreed that the claim in the full amount of the Penal Sum was valid and agreed to issue payment in the amount of $200,000.0 in exchange for an executed Conditional Release and Assignment from Obligee dated August 27, 2014.  (Exhibit 3)

22.     Subsequent to the receipt of the Conditional Release and Assignment, Developers issued payment in the amount of $200,000.00 by check dated December 1, 2014. (Exhibit 4)

23.     As a direct and proximate result of the conduct of the Defendants as set forth below, Developers has sustained out of pocket net losses of Two Hundred Thousand and 00/100 Dollars ($200,000.00), plus attorney's fees and costs necessary to prepare this Complaint.

24.     Because attorney's fees are recoverable under the terms of the written agreements, the amount due will continue to increase as this litigation moves forward.

## COUNT I

### Breach of Contract-Indemnity Agreement
Developers v. All Defendants

25.     Plaintiff incorporates by reference all paragraphs above inclusive as though fully set forth herein at length.

26.     Pursuant to the Indemnity Agreement, the Defendants are jointly and severally liable for existing and future losses incurred, together with all existing and future expenses, including legal and consulting fees, incurred by Developers.

27. Developers has incurred losses and damages and is likely to incur additional losses and damages by reason of the failure of the Defendants to fulfill their obligations under the Indemnity Agreement.

28. Defendants are in breach of the Indemnity Agreement in general and in the following particulars in failing to:

   a. Indemnify and reimburse Developers for the Loss, sustained and to be sustained;

   b. Reimburse Developers as required;

   c. Otherwise comply with their obligations to prevent Developers from sustaining a Loss.

29. By reason of Defendants' breach of the Indemnity Agreement, Developers has sustained damages and it is likely to sustain additional damages.

WHEREFORE, Plaintiff Developers Surety and Indemnity Company, hereby requests Judgment as against all Defendants, jointly and severally, for:

   a. Damages and losses set forth above;

   b. All expenses incurred to date, including legal fees and consultant fees;

   c. Future expenses and legal fees;

   d. Interest;

   e. Such other relief as this Court deems just and proper.

### COUNT II

### Common Law Indemnification
Developers v. Clear Span

30. Plaintiff incorporates by reference all paragraphs above inclusive as though fully set forth herein at length.

31. Developers as surety is the secondary obligor on the Bond identified above that named Clear Span as the principal obligor.

32. In conjunction with discharging its obligations under the terms of the Bond and applicable law, Developers incurred damages and losses on the Bonds by issuing payments and incurring expenses in conjunction with claims asserted against the Bond.

33. Developers is entitled to complete indemnification and reimbursement from Clear Span with respect to the losses which Developers has incurred arising out of the Bond.

34. Developers has incurred losses and has sustained damages in the amount of $200,000.00 and is likely to incur additional losses and sustain additional damages by Clear Span's failure to fulfill its obligations to reimburse Developers.

35. Clear Span's breach of the common law duty of indemnification and reimbursement has caused Developers to sustain damages and is likely to sustain additional damages.

WHEREFORE, Plaintiff Developers Surety and Indemnity Company, hereby requests Judgment as against Clear Span for:

a. Damages and losses set forth above;

b. All expenses incurred due to default, including legal fees and consultant fees;

c. Interest;

d. Such other relief as this Court deems just and proper.

## COUNT III

### Unjust Enrichment
Developers v. All Defendants

36. Plaintiff incorporates by reference all paragraphs above inclusive as though fully set forth herein at length.

37. Clear Span was the principal on whose behalf the Bond was issued.

38. The Defendants have benefitted by the issuance of the Bonds by receiving payment for materials, yet failing to supply the materials as agreed.

39. Defendants have failed to and continue to fail to satisfy the obligations to pay and/or reimburse Developers, despite receiving the benefit of the Bond and payment on the Bonded Project.

40. All Defendants are liable to Developers at common law for unjust enrichment.

41. As a direct and proximate result of Defendants' failure to satisfy their obligations, Developers has incurred losses, damages and will continue to incur additional losses and damages.

WHEREFORE, Plaintiff Developers Surety and Indemnity Company, hereby requests Judgment as against all Defendants, jointly and severally, for:

a.  Damages and losses set forth above;

b.  All expenses incurred to date, including legal fees and consultant fees;

c.  Future expenses and legal fees;

d.  Interest;

e.  Such other relief as this Court deems just and proper.

Dated: Oct. 3, 2017

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

By: _____
W. Alan Torrance, Jr., Esquire
PA Id. #49592

Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402
Tel.: 412-392-5326
Fax: 412-392-5367
E-mail: atorrance@dmclaw.com

Counsel for Plaintiff
Developers Surety and Indemnity Company

5866805.2